IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR GARCIA,<br><br>                Plaintiff,<br><br>vs.<br><br>US MARSHALLS and SARPY COUNTY JAIL,<br><br>                Defendants. | **4:20CV3049**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Eleazar Garcia is currently incarcerated at the Nebraska State Penitentiary, but brings this 42 U.S.C. § 1983 action because of events that occurred when he was a pretrial detainee in the Sarpy County Jail. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 6), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that during his arrest on September 30, 2017, in Underwood, Iowa, ten U.S. Marshals[1] surrounded him, hit his legs, knocked him down to the ground, and broke his left arm. The Marshals called for an ambulance, which transported Plaintiff to a hospital in Council Bluffs, Iowa. After x-rays, a doctor at the hospital advised Plaintiff that he would need surgery as soon as possible, and that the hospital could perform the surgery two days later, which was a Monday.

---

[1] The court will refer to this Defendant with the correct spelling, as opposed to "U.S. Marshalls," which appears in the Complaint.

Plaintiff was given pain medication and then transferred to the Pottawattamie County Jail in Iowa for holding over the weekend.

On Monday, the same U.S. Marshals who took Plaintiff to the hospital two days earlier picked Plaintiff up from the jail and transported him to the Sarpy County Jail instead of to the hospital for surgery. At this point, Plaintiff's arm was very painful, swollen, and turning purple. Plaintiff informed the Marshals of his level of pain, but they continued to take him to the Sarpy County Jail. When Plaintiff arrived at the jail, he asked to be taken to the hospital or for pain medication because the pain was causing him to feel faint. Plaintiff claims "[t]hey just came by to look at me but did nothing to help me." (Filing 1 at CM/ECF p. 6.)

Two weeks later, Plaintiff was taken to see a doctor at an off-site clinic, where he was again x-rayed and told that he needed surgery as soon as possible. Two weeks later, on October 30, 2017, Plaintiff had surgery. While the doctor recommended that Plaintiff stay overnight in the hospital, jail staff disagreed and ordered Plaintiff to return to the Sarpy County Jail three hours after surgery was complete. Plaintiff alleges that he repeatedly asked for, but was denied, pain medication for his "excruciating" pain.

At a follow-up appointment two weeks later with his surgeon, he was told, after more x-rays, that he needed a second surgery to replace his elbow. Plaintiff underwent surgery on November 30, 2017, and was allowed to stay the night in the hospital so he could receive pain medication. At his three-week follow-up appointment, the surgeon told Plaintiff there was nothing further that could be done. Since that time, a neurologist advised Plaintiff that he has severe nerve and tendon damage, which prevents Plaintiff from fully extending his arm and causes chronic daily pain. The neurologist advised Plaintiff he "would have to be on disability for the rest of [his] life." (Filing 1 at CM/ECF p. 8.)

Plaintiff requests $2,000,000 in damages.

2

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Improper Defendants

Plaintiff has failed to sue defendants against which he can assert claims under 42 U.S.C. § 1983. First, Plaintiff fails to state a claim against Defendant Sarpy

3

County Jail because a county jail is not a distinct legal entity subject to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names").

Second, Defendant U.S. Marshals is a federal agency which Plaintiff presumably attempts to sue under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] Plaintiff cannot recover against the U.S. Marshals Service for its alleged violation of his constitutional rights because, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that a *Bivens* cause of action cannot be brought against a federal agency).

Because "[s]overeign immunity is jurisdictional in nature," *id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")), and because no waiver of sovereign immunity applies in this case, Plaintiff's claims alleged against the U.S. Marshals Service as an entity may not proceed to service of process due to lack of jurisdiction.[3]

---

[2] *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015).

[3] Subject to exceptions that are not relevant in this case, Congress has waived sovereign immunity for negligence actions governed by the Federal Tort Claims Act ("FTCA"). "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v.*

Although Plaintiff's Complaint cannot go forward against the named Defendants, the court shall grant Plaintiff leave to file an amended complaint against proper defendants. Federal officials, like U.S. Marshals, may be held *personally* liable for inflicting constitutional injuries under *Bivens*, as can county jail officials in their individual capacities under 42 U.S.C. § 1983. However, as with § 1983 claims, "there is no respondeat superior[4] liability under *Bivens*. Defendants are liable for their personal acts only." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). This means that Plaintiff must allege facts indicating that individually named U.S. Marshals or jail personnel were *personally involved* with the decisions affecting Plaintiff's medical care, or the lack thereof.[5] *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

---

*U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, to the extent Plaintiff's Complaint can be construed as alleging claims under the FTCA, Plaintiff has not alleged that he exhausted his administrative remedies as required under the FTCA before filing his Complaint, and exhaustion is a jurisdictional prerequisite to filing a suit for recovery under the FTCA. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996); *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."; holding that despite the liberal construction afforded to pro se pleadings, the prisoner's complaint seeking FTCA recovery was properly dismissed for failure to exhaust administrative remedies before filing suit).

[4] "Respondeat superior" in this context means holding government officials liable for the unconstitutional conduct of their subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[5] Plaintiff should not name as Defendants officers in the U.S. Marshals Service in their official capacities, as such claims would be dismissed for lack of jurisdiction. A suit against an official of the federal government in his or her official capacity is considered a suit against the United States, against which an action cannot be brought because of sovereign immunity. *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000).

## B. Deliberate-Indifference Claim

Should Plaintiff choose to file an amended complaint, he should be aware of the elements of the cause of action he seeks to assert. The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).[6]

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate-indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their

---

[6] Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs when he was a pretrial detainee. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's Due Process Clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case despite Plaintiff's status as a pretrial detainee during the events at issue.

unconstitutional actions in fact caused inmate's injuries); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

"A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Schaub*, 638 F.3d at 914-15 (internal quotations and citations omitted).

As to Plaintiff's claim that he was not given prescribed pain medication for his "excruciating" pain following surgery, "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 796 (8th Cir. 2006). "When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka Cty.*, 827 F.3d 749, 756 (8th Cir. 2016) (right to adequate medical treatment was clearly established when pretrial detainee arrived at jail after dental surgery with Vicodin prescription for severe pain and deputies and jail nurse ignored detainee's complaints of pain and requests for treatment; deputies and jail nurse acted with deliberate indifference); *Foulks v. Cole Cty., Mo.*, 991 F.2d 454, 455-57 (8th Cir. 1993) (holding there was liability where jail officials disregarded an instruction sheet from the plaintiff's doctor, ignored complaints of sickness and pain, and refused to provide medication they were aware was prescribed); *Majors v. Baldwin*, 456 Fed. App'x 616, 617, 2012 WL 739347

7

(8th Cir. 2012) (unpublished per curiam) (holding that plaintiff had established a deliberate indifference claim where defendants withheld prescribed pain medication and did not provide adequate post-operative treatment); *Motton v. Lancaster Cty. Corr.*, No. 4:07CV3090, 2008 WL 2859061, at *6 (D. Neb. July 21, 2008) (noting that the knowing failure to administer prescribed medicine can constitute deliberate indifference, but to establish constitutional violation, inmate must produce evidence that delay in providing medical treatment had detrimental effect on inmate).

### IV. CONCLUSION

While Plaintiff's claim against the Sarpy County Jail and the U.S. Marshals may not proceed to service of process for the reasons discussed above, Plaintiff may file an amended complaint asserting a claim for deliberate indifference to a serious medical need against individually named U.S. Marshals or jail personnel in their individual capacities who were *personally involved* with the decisions affecting Plaintiff's medical care, or the lack thereof. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a viable claim for deliberate indifference to a serious medical need against individually named U.S. Marshals or jail personnel in their *individual capacities* who were *personally involved* with the decisions affecting Plaintiff's medical care, or the lack thereof. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.  The Clerk of the Court is directed to set the following pro se case management deadline: July 9, 2020—amended complaint due.

DATED this 9th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge