IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR GARCIA,<br><br>            Plaintiff,<br><br>    vs.<br><br>US MARSHALL and SARPY COUNTY JAIL,<br><br>            Defendants. | **4:20CV3049**<br><br><br>**MEMORANDUM<br>AND ORDER** |

On June 9, 2020, and after initial review of Plaintiff's Complaint, the court gave Plaintiff 30 days to "file an amended complaint asserting a claim for deliberate indifference to a serious medical need against individually named U.S. Marshals or jail personnel in their individual capacities who were *personally involved* with the decisions affecting Plaintiff's medical care, or the lack thereof." (Filing 7 at CM/ECF p. 8.) In response, Plaintiff has filed a Motion for Extension of Time/Motion to Appoint Attorney because Plaintiff is unable to identify the U.S. Marshals who arrested him and broke his arm despite multiple attempts to obtain his court and hospital records. (Filing 8.)

In the court's June 9, 2020, Memorandum and Order (Filing 7), the court reviewed Plaintiff's Complaint and determined that no plausible claim for relief was stated against any named Defendant. The court observed, however, that a plausible § 1983 deliberate-indifference claim under the Fourteenth Amendment was stated against unnamed Sarpy County Jail employees and a *Bivens* deliberate-indifference claim was stated against unnamed U.S. Marshals in their individual capacities.

## Deliberate-Indifference Claim

Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[1] *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *see Majors v. Baldwin*, 456 F. App'x 616, 617 (8th Cir. 2012) (per curiam; unpublished) (remanding for further consideration the pre-service dismissal of claims against unnamed defendants who it appeared could be identified); *Wheat v. Schriro*, 80 F. App'x 531, 534 (8th Cir. 2003) (per curiam; unpublished) (reversing dismissal of retaliation claim against unidentified third-shift corrections staff where "there is no reason to believe that on remand their identities could not be discovered"); *cf. Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (district court did not err in dismissing claims against Doe defendants where complaint "does not sufficiently allege who the Doe Defendants are, what they allegedly did, what their position is for the City, or any other facts that would permit the Doe Defendants to be noticed or identified through discovery"); *Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (per curiam; unpublished) (affirming pre-service dismissal where the only named defendant, a prison warden, was not alleged to have any personal involvement in, or direct responsibility for, alleged denial of medical care, and it was

---

[1] "It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (Posner, C.J.). This rule has been relaxed, however, in actions brought by *pro se* litigants. *Id.* In a number of cases analogous to that at bar, appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

impossible to discern from complaint which medical-staff employees were responsible for denying plaintiff care).

It should not be difficult to ascertain through discovery the identities of the U.S. Marshals who allegedly broke Plaintiff's arm in the course of arrest and who were charged with transporting him for medical care, as well as the Sarpy County Jail employees who allegedly denied Plaintiff his pain medication.

While the court has determined that Plaintiff's Complaint fails to state a claim upon which relief may be granted against the U.S. Marshals and the Sarpy County Jail, they have been named as Defendants and are alleged to be the employers of the individuals whom Plaintiff is unable to identify. The court therefore will allow the U.S. Marshals Service and Sarpy County to be served with process so that Plaintiff may serve each of them with written interrogatories for the limited purpose of discovering the identity of the individuals who allegedly violated Plaintiff's constitutional rights.[2] The court will also expedite discovery by permitting Plaintiff to serve such interrogatories on the U.S. Marshals Service and Sarpy County as soon as an appearance has been entered on behalf of such governmental entity. Neither the U.S. Marshals Service nor Sarpy County shall be required to respond to Plaintiff's Complaint; it is the court's intention that each of them will be dismissed from the action once Plaintiff files an amended complaint containing proper defendants. If Plaintiff does not file an amended complaint within 120 days of today's date, this action will be dismissed without prejudice and without further notice.[3]

---

[2] Plaintiff is referred to Federal Rule of Civil Procedure 33 and Nebraska Civil Rule 33.1 for applicable procedures regarding written interrogatories.

[3] This deadline may be extended upon motion by Plaintiff, if good cause is shown.

**Excessive Force**

Upon further review of Plaintiff's Complaint in the course of resolving Plaintiff's Motions, the court also finds a plausible *Bivens*[4] claim for excessive force under the Fourth Amendment against yet-to-be-identified individual U.S. Marshals who allegedly broke Plaintiff's left arm.

"An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment." *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized"[5] within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable[6] given the facts and circumstances of the incident as

---

[4] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment rights.

[5] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior" or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[ ] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id*. (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

[6] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Samuelson v. City of New Ulm*,

"judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

Plaintiff alleges that ten U.S. Marshals surrounded him, hit his legs, knocked him down to the ground, and broke his left arm, resulting in surgery and permanent disability. The court finds that Plaintiff has stated a viable excessive-force claim against the individual U.S. Marshals who were directly involved in applying force to Plaintiff, providing that Plaintiff can specifically identify these Marshals through the above-described discovery.

## Motion to Appoint Attorney

As to Plaintiff's Motion to Appoint Attorney, this case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, while Plaintiff contends he has a language barrier preventing him from litigating his case, the court notes that Plaintiff has been able to file several clear and well-written materials with the court, indicating his basic ability to present his claims. Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of

---

455 F.3d 871, 875 (8th Cir. 2006) (internal citations and quotations omitted); *see also Rohrbough v. Hall*, No. 4:07CV00996, 2008 WL 4722742, at *4 (E.D. Mo. Oct. 23, 2008) ("The Court must consider factors such as the severity of the suspected crime, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting or attempting to evade arrest.").

the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

Accordingly,

IT IS ORDERED:

1.      Plaintiff's Motion for Extension of Time (Filing 8, Part 1) is granted as specified below.

2.      This action shall proceed to service only against Defendants U.S. Marshals and Sarpy County **for the sole purpose of permitting Plaintiff to serve discovery documents** on said Defendants in order to determine the identity of individuals who are employed by said Defendants and who are alleged to have violated Plaintiff's constitutional rights. Neither the U.S. Marshals nor Sarpy County shall be required to respond to Plaintiff's Complaint (Filing 1), which the court has determined fails to state a claim upon which relief may be granted against said Defendants.

3.      The Clerk of the Court is directed to complete a summons form and a USM-285 form for each of the following Defendants:

    a.      Sarpy County
            c/o Sarpy County Clerk
            1210 Golden Gate Dr. #1250
            Papillion, NE 68046-2894

    b.      U.S. Marshals Service
            c/o United States Attorney for the District of Nebraska
            487 Federal Building
            100 Centennial Mall North
            Lincoln, NE 68508

    c.      Attorney General of the United States
            U.S. Department of Justice
            950 Pennsylvania Avenue, NW
            Washington, DC 20530-0001

4.      The Clerk of Court shall forward the completed forms to the Marshals Service,[7] together with three (3) copies of each of the following filings: Plaintiff's Complaint (Filing 1); the court's Memorandum and Order entered on June 9, 2020 (Filing 7); and this Memorandum and Order.

5.      The Marshals Service shall serve Defendants at the above-listed addresses by certified mail or any other method authorized by the Federal Rules of Civil Procedure.[8]

---

[7] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[8] Neb. Rev. Stat. § 25-510.02(2) (Westlaw 2020) provides that any county of Nebraska "may be served by personal, residence, certified mail, or designated

6.     After service of process has been obtained and Defendants have entered an appearance, Plaintiff may serve written interrogatories upon Defendants **for the limited purpose of discovering the identity of individuals** who are alleged in the Complaint to have violated Plaintiff's constitutional rights.

7.     Plaintiff shall have 120 days from today's date in which to file an amended complaint which states a claim upon which relief may be granted against individually named defendants. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

8.     If Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

---

delivery service upon the chief executive officer or clerk." Further, in order to serve the U.S. Marshal's Service or any employees thereof, process must be served upon the United States by delivering a copy of the summons and complaint to the United States Attorney for the District of Nebraska, or by sending such copies by registered or certified mail to the civil process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A). In addition, a copy of the summons and complaint must be served upon the Attorney General of the United States by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B). Service must also be made upon the individual employees and officers in addition to serving the United States. *See* Fed. R. Civ. P. 4(i)(3). Since the involved individual U.S. Marshals have not yet been identified, the court obviously shall not require service upon those individual officers at this time.

9.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

10.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 28, 2020: amended complaint against individually named defendants due.

11.     Plaintiff's Motion to Appoint Attorney (Filing 8, Part 2) is denied without prejudice to reassertion.

Dated this 30th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge