IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEAZAR GARCIA,<br><br>   Plaintiff,<br><br>vs.<br><br>DAVID W. COOMBS, JR., Special Deputy U.S. Marshal, in his individual capacity; JACOB P. BETSWORTH, Special Deputy U.S. Marshal, in his individual capacity; and JEFF DAVIS, Sarpy County Sheriff, in his individual capacity,<br><br>   Defendants. | 4:20CV3049<br><br>**MEMORANDUM AND ORDER** |

  Defendants Special Deputy U.S. Marshals David Coombs, Jr., and Jacob Betsworth move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). (Filing 33.) For the reasons that follow, the Defendants' Motion will be granted.

## BACKGROUND

  Plaintiff filed this case pro se and was granted permission to proceed in forma pauperis. (Filing 6.) After initial review of Plaintiff's Complaint (Filing 1) and Amended Complaint (Filing 22), the court determined that Plaintiff plausibly stated claims against the Defendants in their individual capacities for deliberate indifference to Plaintiff's serious medical needs and/or excessive force when Plaintiff was a pretrial detainee.

## FACTUAL ALLEGATIONS

Plaintiff alleges that during his arrest on September 30, 2017, in Underwood, Iowa, U.S. Marshals Coombs and Betsworth surrounded him, hit his legs, knocked him down to the ground, and broke his left arm. The Marshals called for an ambulance, which transported Plaintiff to a hospital in Council Bluffs, Iowa. After x-rays, a doctor at the hospital advised Plaintiff that he would need surgery as soon as possible, and that the hospital could perform the surgery two days later, which was a Monday. Plaintiff was given pain medication and then transferred to the Pottawattamie County Jail in Iowa for holding over the weekend.

On Monday, Coombs and Betsworth picked Plaintiff up from the jail and transported him to the Sarpy County Jail instead of to the hospital for surgery. At this point, Plaintiff's arm was very painful, swollen, and turning purple. Plaintiff informed the Marshals of his level of pain, but they continued to take him to the Sarpy County Jail. When Plaintiff arrived at the jail, he asked to be taken to the hospital or for pain medication because the pain was causing him to feel faint. Plaintiff claims "[t]hey just came by to look at me but did nothing to help me." (Filing 1 at CM/ECF p. 6.)

Two weeks later, Plaintiff was taken to see a doctor at an off-site clinic, where he was again x-rayed and told that he needed surgery as soon as possible. Two weeks later, on October 30, 2017, Plaintiff had surgery. While the doctor recommended that Plaintiff stay overnight in the hospital, jail staff disagreed and ordered Plaintiff to return to the Sarpy County Jail three hours after surgery was complete. Plaintiff alleges that he repeatedly asked for, but was denied, pain medication for his "excruciating" pain.

At a follow-up appointment two weeks later with his surgeon, he was told, after more x-rays, that he needed a second surgery to replace his elbow. Plaintiff underwent surgery on November 30, 2017, and was allowed to stay the night in the hospital so he could receive pain medication. At his three-week follow-up

appointment, the surgeon told Plaintiff there was nothing further that could be done. Since that time, a neurologist advised Plaintiff that he has severe nerve and tendon damage, which prevents Plaintiff from fully extending his arm and causes chronic daily pain. The neurologist advised Plaintiff he "would have to be on disability for the rest of [his] life." (Filing 1 at CM/ECF p. 8.)

Plaintiff's Amended Complaint clarifies that Plaintiff brings his excessive-force claim against Defendants Coombs and Betsworth ("the U.S. Marshal Defendants") and his deliberate-indifference claim against Sheriff Davis. (Filing 22 at CM/ECF p. 2.)

Plaintiff requests $2,000,000 in damages.

## DISCUSSION

### 1. Statute of Limitations

The U.S. Marshal Defendants argue that Plaintiff's lawsuit is barred by the applicable Iowa statute of limitations. "[A] statute of limitations defense is only grounds for dismissal when the defense is established by the complaint itself." *Ritchie Cap. Mgmt., L.L.C. v. JP Morgan Chase & Co.*, 960 F.3d 1037, 1048 (8th Cir. 2020).

As explained in the court's previous Memoranda and Orders, Plaintiff asserts *Bivens* claims against the U.S. Marshal Defendants in their individual capacities.[1] (Filing 7 at CM/ECF pp. 4-5.) *Bivens* actions are governed by the same statute of limitations as 42 U.S.C. § 1983 actions. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995). Section 1983 does not have its own statute of limitations, but

---

[1] *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015).

3

rather adopts applicable state-law statute of limitations applicable to personal-injury torts. *Id.*; *see also DeVries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014) (interpreting Iowa law); *Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

Here, because the conduct forming the basis of Plaintiff's excessive-force claim occurred in Iowa, the Iowa two-year personal injury tort statute of limitations applies. *Wallace v. Kato,* 549 U.S. 384, 387-88 (2007) (statute of limitations for personal-injury torts in state where cause of action arose applies in § 1983 actions; § 1983 action accrues when plaintiff has complete and present cause of action); *Sanchez*, 49 F.3d at 1330; *DeVries*, 766 F.3d at 923; Iowa Code Ann. § 614.1 (Westlaw 2021).[2] According to Plaintiff's Amended Complaint, the arrest during which the U.S. Marshal Defendants used excessive force on Plaintiff occurred on September 30, 2017, in Underwood, Iowa. (Filing 22 at CM/ECF p. 1.) Plaintiff filed his lawsuit in this court on May 4, 2020—approximately seven months after the applicable two-year Iowa statute of limitations had run. Thus, on the face of Plaintiff's Complaints, Plaintiff's claims against the U.S. Marshal Defendants are untimely.

Further, Plaintiff has failed to allege sufficient facts to support a basis for tolling the statute of limitations under Iowa law, such as death of the tortfeasor, Iowa Code Ann. § 614.2, or the filer of the complaint being a minor or having a mental illness, Iowa Code Ann. § 614.8. *See DeVries*, 766 F.3d at 923 (citing Iowa Code Ann. §§ 614.2, 614.8).[3]

---

[2] Iowa Code Ann. § 614.1 provides in part: "Actions may be brought within the times limited as follows . . . after their causes accrue, and not afterwards, except when otherwise specially declared: . . . Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years."

[3] Because Plaintiff's claims against the Defendant U.S. Marshals are barred by the statute of limitations, the court need not address Defendants' other asserted grounds for dismissal, failure to plead personal involvement and qualified immunity.

4

## 2. Miscellaneous Motions

In one filing, Plaintiff requests an update on the status of this case, appointment of counsel, a translator, and leave to amend his Complaint. (Filing 35.) This Memorandum and Order shall serve as Plaintiff's update on the status of this case. As to Plaintiff's request for appointment of counsel, there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780. Having considered these factors, the court concludes that appointment of counsel is not warranted at this time because the issues are not factually or legally complex, and the Plaintiff has demonstrated his ability to investigate the facts and clearly convey them to the court. For these reasons, a translator is also not necessary at this time.

Finally, Plaintiff's request for leave to amend his Complaint will be denied, as such amendment would be futile because Plaintiff's claims against Defendants Coombs and Betsworth are barred by the statute of limitations. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be

---

*See e.g.*, *Rollins v. City of Albert Lea*, 79 F. Supp. 3d 946, 969 (D. Minn. 2014) (considering qualified immunity argument for claims that were not barred by statute of limitations); *Kennedy v. City of Braham*, 67 F. Supp. 3d 1020, 1043 (D. Minn. 2014) (same).

5

denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").

## CONCLUSION

Plaintiff's claims against Defendant U.S. Marshals Coombs and Betsworth are dismissed with prejudice as barred by the statute of limitations. This action will continue only as to Plaintiff's deliberate-indifference medical claim against Defendant Jeff Davis, Sarpy County Sheriff, in his individual capacity.

IT IS ORDERED:

1. The Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of Defendants Coombs and Betsworth (Filing 33) is granted, and Plaintiff's claims against such Defendants are dismissed with prejudice as barred by the statute of limitations.

2. Plaintiff's Motion (Filing 35) for an update on the status of this case is granted, and this Memorandum and Order shall serve as Plaintiff's update on the status of this case.

3. Plaintiff's Motion (Filing 35) for appointment of counsel, a translator, and leave to amend his Complaint are denied.

4. Defendants' Motion to Strike Filing 35 (Filing 36), insofar as it can be construed as an untimely response to Defendants' Motion to Dismiss (Filing 33), is denied as moot because the court did not consider such untimely filing as a response, but instead as separate motions addressed in paragraphs (2) and (3) above.

5. This action will continue only as to Plaintiff's deliberate-indifference medical claim against Defendant Jeff Davis, Sarpy County Sheriff, in his individual capacity. A progression order as to this Defendant will be entered in due course.

DATED this 30th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge